UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00213 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CASSANDRA D. ELLIS | MAG. JUDGE KAREN L. HAYES |

### RULING

This is a criminal action brought by the United States of America ("Government") against Defendant Cassandra D. Ellis ("Ellis"). On January 15, 2015, Ellis filed a Motion to Dismiss Indictment ("Motion to Dismiss") [Doc. No. 19]. On January 16, 2015, the Government filed a memorandum in opposition [Doc. No. 20].

For the following reasons, Ellis' Motion to Dismiss is DENIED.

**I.    BACKGROUND AND PARTIES' ARGUMENTS**

On November 19, 2014, a federal grand jury returned a two-count Indictment against Ellis. Ellis is charged with the following:

#### COUNT 1

Beginning on or about February 7, 1996, and continuing until on or about April 1, 2014, in the Western District of Louisiana and elsewhere, the defendant, CASSANDRA D. ELLIS, knowingly and willfully did embezzle, steal, purloin, and convert to her use or the use of another the property and money of the United States of a value in excess of $1,000.00, that is, Social Security Retirement payments, which were issued as United States Treasury checks and electronic bank deposits, all in violation of 18 U.S.C. § 641. [18 U.S.C. § 641]

#### COUNT 2

On or about February 3, 2014, in the Western District of Louisiana and

> elsewhere, the defendant, CASSANDRA D. ELLIS, in a matter within the jurisdiction of the Social Security Administration, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, that is, falsely representing to an employee of the Social Security Administration that she was Roberta Ellis, all in violation of 18 U.S.C. § 1001(a)(2). [18 U.S.C. § 1001(a)(2)]

[Doc. No. 1].

Although Ellis initially pled not guilty to the charges, this matter has been referred for a change of plea hearing before Magistrate Judge Karen L. Hayes on January 21, 2015, at 10:00 a.m.

On January 15, 2015, Ellis filed the instant motion. Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, Ellis moves the Court to dismiss "such part of Count 1 of the Indictment which alleges acts of criminal conduct outside the reach of the five year statute of limitations provided by 18 U.S.C. § 3282(a)." [Doc. No. 19, p. 1]. The Government opposes her motion. [Doc. No. 20].

## II. LAW AND ANALYSIS

"A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2).[1]

Ellis alleges that she is entitled to dismissal of a portion of the charges against her because the applicable five-year statute of limitations has run and, thus, the Court does not have jurisdiction

---

[1] Ellis moves for dismissal of a portion of Count 1 for lack of jurisdiction under Rule 12(b)(2); however, to the extent that she objects to the inclusion of acts outside the statute of limitations, she may also have brought her motion pursuant to Rule 12(b)(3), which requires "(1) Defenses and objections based on defects in the institution of the prosecution; or (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings) . . ." to be brought prior to trial. Defects in the institution of the prosecution and in the indictment or information generally include issues relating to the applicable statue of limitations.

over these claims. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). Because the Indictment in this case was returned on November 19, 2014, Ellis contends that she cannot be charged with any alleged unlawful conduct occurring prior to November 19, 2009.

In support of her motion, Ellis argues that the "Indictment alleges no fact or theory to support the reach of § 3582(a)'s five year statute of limitation . . . before November 19, 2009." [Doc. No. 19-1, p. 1]. Further, nothing in the language of the crime charged, 18 U.S.C. § 641, "speaks" about the "nature of the crime as continuing." *Id.* at 3. Rather, "[o]nce the amount stolen is greater than $1,000, the crime is complete, at which the statute of limitations begins to run, even though the obligation remains unpaid." *Id.*

In its opposition, the Government argues that Ellis' crime was a continuing offense and that she has been properly charged with all unlawful conduct between February 7, 1996, and April 1, 2014. The Government cites the Court to a decision of the United States Court of Appeals for the Fourth Circuit, *United States v. Smith*, 373 F.3d 561 (4th Cir. 2004). In that case, Smith failed to notify the Social Security Administration of his mother's death in February 1994. Social Security funds continued to be electronically deposited into the joint account he held with his mother and retained for his use from March 1994 until the payments were terminated on or about February 1998. *Id.* at 563. The Government cites the *Smith* case for its holding that "'the specific conduct at issue here is more properly characterized as a continuing offense rather than a series of separate acts.'" [Doc. No. 20, p. 3 (quoting *Smith*, 373 F.3d at 568)]. The Government points to Ellis' similar

conduct in this case as resulting in a "continuing stream of payments." *Id.* at p. 4. Finally, although the United States Court of Appeals for the Fifth Circuit has not addressed the precise issue in this motion, the Government points to district court cases in the Eastern District of Texas and the Southern District of Mississippi, which it contends support its argument.

The Court is guided by Supreme Court and Fifth Circuit precedent. In *Touissie v. United States*, 397 U.S. 112 (1970), the Supreme Court considered whether the statute requiring male citizens between the ages of 18 and 26 to register for the draft or a related regulation which referred to the duty to register as "continuing" imposed a continuing duty on the defendant to register. The Supreme Court declined to find there was a continuing duty to register. Rather, the Court concluded the five-year statute of limitations began to run five days after the defendant's 18th birthday. The Court explained its considerations in determining when a statute of limitations begins to run:

> In deciding when the statute of limitations begins to run in a given case several considerations guide our decision. The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before 'the principle that criminal limitations statutes are 'to be liberally interpreted in favor of repose,' *United States v. Scharton*, 285 U.S. 518, 522, 52 S.Ct. 416, 417, 76 L.Ed. 917 (1932).' *United States v. Habig*, 390 U.S. 222, 227, 88 S.Ct. 926, 929, 19 L.Ed.2d 1055 (1968). We have also said that '(s)tatutes of limitations normally begin to run when the crime is complete.' *Pendergast v. United States*, 317 U.S. 412, 418, 63 S.Ct. 268, 271, 87 L.Ed. 368 (1943); *see United States v. Irvine*, 98 U.S. 450, 452, 25 L.Ed. 193 (1879). And Congress has declared a policy that the statute of limitations should not be extended '(e)xcept as otherwise expressly provided by law.' 18 U.S.C. § 3282. These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances since, as the Court of Appeals correctly observed in this case, '(t)he tension between the purpose of a statute of limitations and the

>continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term.' 410 F.2d, at 1158. These considerations do not mean that a particular offense should never be construed as a continuing one. They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.

*Id.* at 114-15.

Post-*Touisse*, the Fifth Circuit has also considered this general issue. In *United States v. Bustamante*, 45 F.3d 933 (5th Cir. 1995), the defendant, a former United States Representative, had been convicted of RICO violations, which are subject to a five-year statute of limitations. On appeal, Bustamante argued that his prosecution for one gratuity related to an investment in San Antonio Video Corporation ("SAVC") was untimely. He argued that the statute of limitations began to run in 1985 when he first accepted the gratuity in the form of a personal guaranty for a bank loan and that it expired in 1990, well before his 1993 indictment. Although mindful of the *Touisse* principle, the Fifth Circuit rejected his argument, explaining that Bustamante was not "accused of committing a crime that has continuing effects after its completion. Rather, he was charged with accepting illegal gratuities over an extended period of time . . . Bustamante was therefore charged with continuing criminal behavior." *Id.* at 942. Thus, his prosecution was timely because he continued to receive the benefits of a risk-free investment in SAVC until 1988 when the bank loan was repaid in full.

In this case, the Indictment charges that "[b]eginning on or about February 7, 1996, and continuing until on or about April 1, 2014," Ellis embezzled, stole, purloined, or converted Social Security Retirement payments. Although not specifically alleged in the Indictment, the facts (which would, of course, have to be proven at trial) purportedly show that Ellis failed to notify the Social Security Administration of her grandmother's death, that she received the Social Security Retirement

payments in the form of United States Treasury checks and electronic deposits which were due and payable to her deceased grandmother, and that she personally negotiated each of the checks by forging her deceased grandmother's name.[2]

First, the Court has considered the criminal statute itself. The Court agrees with Ellis that nothing contained in the language of 18 U.S.C. § 641 "compels" the conclusion that multiple violations of this statute are continuing. *Touisse*, 397 U.S. at 115. However, the Court's inquiry cannot end with the statutory language.

Under *Touisse* and *Bustamante*, the Court must also consider the "nature of the crime involved." *Id.* That is, the Court must consider whether, as Ellis contends, her crime of larceny was complete once she received in excess of $1,000 in payments and that her continued receipt of Social Security payments may have constituted a criminal withholding of money, but not a continuing violation. Applying the reasoning of the Supreme Court, the Fifth Circuit, and the persuasive authority of *United States v. Smith*, the Court finds that the nature of Ellis' crime is that of a continuing violation. This was not a one-time instance where Ellis received her grandmother's check or electronic deposit, converted that one payment of Social Security funds for her own use, and failed to return them. Instead, Ellis engaged in a long-term scheme to continue receiving her grandmother's Social Security payments and to continue converting those payments to her own use, including negotiating the checks by forging her grandmother's name. Thus, the nature of her crime constituted continuing criminal behavior within the bounds permissible under *Touisse* and *Bustamante*, and the Court has jurisdiction over the entirety of the acts alleged in Count 1.

---

[2] It is further alleged in Count 2 of the Indictment that she impersonated her grandmother to continue receiving these benefits.

### III. CONCLUSION

For the foregoing reasons, Ellis' Motion to Dismiss [Doc. No. 19] is DENIED.

MONROE, LOUISIANA, this 20th day of January, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE